IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CYNTHIA SPENCER, WILLIAM SPENCER, LISA JACKSON, JENNIFER JOHN, BRIAN BYRD, AMY BYRD, | § § § § § § § § § § § § § § | SA-20-CV-00350-JKP |
| *Plaintiffs,* | | |
| vs. | | |
| CITY OF CIBOLO, TEXAS, STANLEY BOYLE, MARK D. ALLEN, STEVEN QUINN, JOEL HICKS, | | |
| *Defendants.* | | |

## ORDER

Before the Court in the above-styled cause of action is Plaintiffs' Motion for Substituted Service of Process on Defendants Mark D. Allen and Joel Hicks [#8]. By their motion, Plaintiffs ask the Court to permit alternative service of process on Defendants Allen and Hicks pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 4(e)(1) provides that "an individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(e)(1). Texas Rule of Civil Procedure 106 provides:

> (b) Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under either (a)(1) or (a)(2) at the location named in such affidavit but has not been successful, the court may authorize service
>
> (1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or

1

>  (2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

Tex. R. Civ. P. 106(b).  Accordingly, if a plaintiff's attempts to serve a defendant in person are unsuccessful, a court may authorize substitute service upon receipt of an affidavit satisfying Rule 106(b).  *See State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 299 (Tex. 1993).

Plaintiffs ask for permission to serve these Defendants by (1) mailing a copy of the summons and complaint to each Defendant's residence; (2) mailing a copy of the summons and complaint to Defendant's place of business; and (3) emailing a copy of the summons and complaint to each Defendant at the official email addresses they use to conduct business.  Attached to Plaintiffs' motion are the declarations of Steve Hall, the process server who attempted to serve Defendants with personal service.  (Hall Decl. [#8-1] at 4, 10.)  According to the declarations, Hall attempted to serve Allen and Hicks, both of whom are city council members for the city of Cibolo, Texas, at both their residences and City Hall on six separate occasions between April 1, 2020 and April 7, 2020.  (Hall Decl. [#8-1] at 4, 10.)  Hall found City Hall closed or was expressly denied entry.  As for the residences, various unsuccessful attempts were made; in certain instances, there was no answer; at one of the residences, a no trespassing warning (one of which included a "Trespassers Will Be Shot" message) was encountered; and during another attempt, Hall was told to leave the property by an unidentified male.  Plaintiffs also reference in their motion various executive orders of the Governor of the State of Texas and Guadalupe County due to the COVID-19 pandemic encouraging all Texans to stay at home unless they are performing essential services or activities.  The City of Cibolo also closed its city lobbies, including City Hall.  (City of Cibolo Website [#8-1] at 16.)

The Court finds that the declarations attached to Plaintiffs' motion satisfy Rule 106(b) and will grant the request for substitute service. The proposed methods of alternative service—mail to both a place of residence and City Hall, as well as e-mail—are reasonably calculated to provide Allen and Hicks with notice of this lawsuit. *See* Tex. R. Civ. P. 106(b).

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Substituted Service of Process on Defendants Mark D. Allen and Joel Hicks [#8] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs may serve Defendants Mark D. Allen and Joel Hicks under Rule 4(e) of the Federal Rules of Civil Procedure and Rule 106 of the Texas Rules of Civil Procedure by using the following methods:

1. mailing a copy of the summons and complaint to Defendant Allen's and Defendant Hicks's residences by certified mail, return receipt requested;

2. mailing a copy of the summons and complaint to each Defendant's place of business at Cibolo City Hall, 200 S Main Street, Cibolo, TX 78108 by certified mail, return receipt requested;

3. emailing a copy of the summons and complaint to Defendant Allen at district2@cibolotx.gov and mallen@cibolotx.gov; and

4. emailing a copy of the summons and complaint to Defendant Hicks at district7@cibolotx.gov and jhicks@cibolotx.gov.

**IT IS FURTHER ORDERED** that Plaintiffs file a return of service including (a) a sworn statement setting out the date of mailing; (b) the date of emailing service of process; (c) copies of the certified mail return receipt cards, or if none are received, any other proof of delivery; (d) copies of the emails used to send service of process; and (e) any proof of email delivery.

**IT IS SO ORDERED.**

SIGNED this 27th day of April, 2020.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE