UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**CYNTHIA SPENCER, WILLIAM SPENCER, LISA JACKSON, JENNIFER JOHN, BRIAN BYRD, AMY BYRD,**

        **Plaintiffs,**

v.

**CITY OF CIBOLO, TEXAS, STANLEY BOYLE, MARK D. ALLEN, STEVEN QUINN, JOEL HICKS,**

        **Defendants.**

No. SA-20-CV-00350-JKP

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant City of Cibolo's (the City of Cibolo) Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) and Plaintiffs' response. *ECF Nos. 10, 13, 14*. Upon consideration of the motion and responses, the Court concludes the motion shall be DENIED.

### Factual Background

The City of Cibolo is a home-rule city in the State of Texas with a government consisting of a Mayor, currently Stanley Boyle, and seven district council members. Three of the current council members are named defendants in this action. Plaintiffs are all citizens of the City of Cibolo (hereinafter "the Citizen Plaintiffs").

This cause of action arises from an undisputed, established policy (hereinafter referred to as "The Policy") that guides a designated public forum segment of all Cibolo City Council meet-

ings titled, "Citizens to be Heard", during which citizens may address the City Council. The Policy for the "Citizens to be Heard" forum states as follows:

### CITIZENS TO BE HEARD

> This is the only time during the Council Meeting that a citizen can address the City Council. It is the opportunity for visitors and guests to address the City Council on any issue to include agenda items. All visitors wishing to speak must fill out the Sign-In Roster prior to the start of the meeting. City Council may not debate any non-agenda issue, nor may any action be taken on any-agenda issue at this time; however, City Council may present any factual response to items brought up by citizens. (Attorney General Opinion – JC-0169)(Limit of three minutes each.) All remarks shall be addressed to the Council as a body, and not to any individual member thereof. Public criticism of the City Council or any action taken, policy program or service provided by the City is not prohibited. However, any person making personal, impertinent, or slanderous remarks to individual members of the Council while addressing the Council may be requested to the leave the meeting.

The Citizen Plaintiffs allege two causes of action against the City of Cibolo which are based in the Policy. In the first cause of action, the Citizen Plaintiffs allege the Policy is unconstitutional on its face because it is unreasonable given the purpose for which the City Council created the Citizens to be Heard forum and because it is viewpoint-based. The Citizen Plaintiffs allege the Policy for the Citizen to be Heard forum subjectively restricts speakers from "'making personal, impertinent, or slanderous remarks to individual members of the Council,' but does not limit these subjective criteria by requiring remarks also be disruptive, threatening, or intended to interfere with the proceedings of city council meetings.'" Without any objective limitation, such as disruption or threat, the Citizen Plaintiffs assert the prohibition from "making personal, impertinent, or slanderous remarks to individual members of the Council" is unreasonable given the purpose of public comment to discuss any matters of public concern. The restriction is also unconstitutionally viewpoint-based because it restricts speech using subjective criteria. Thereby, the City of Cibolo and named Defendants use the Policy as a way to censor and chill citizens'

2

constitutionally protected speech based on their viewpoints and on unreasonable restrictions. Because the Policy is an unreasonable, overbroad, and viewpoint-based restriction on political speech, the Citizen Plaintiffs allege it does not pass First Amendment scrutiny on its face.

In the second cause of action, for similar reasons, the Citizen Plaintiffs allege the Policy as written violates 42 U.S.C. § 1983 by restricting their First Amendment Right to free speech. The Citizen Plaintiffs assert the Policy prevents them and other citizens from exercising their right to freely criticize their elected officials, express viewpoints on matters of public concern with which Defendants disagree or otherwise speak negatively about the City of Cibolo and its elected officials.

In this Motion to Dismiss, the City of Cibolo first challenges the Citizen Plaintiffs' standing to bring this action and, second, seeks to dismiss the two causes of action as asserted against it for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.      Standing

The City of Cibolo asserts the Citizen Plaintiffs lack constitutional, or Article III, standing to bring these causes of action against it because they fail to satisfy the three established requirements.

To establish standing, a plaintiff must allege: (1) he suffered, or imminently will suffer, a concrete and particularized injury-in-fact; (2) the injury is fairly traceable to the defendant's conduct; and (3) a favorable judgment is likely to redress the injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). When, as here, a plaintiff asserts a First Amendment challenge of violation of free speech, the challenge may focus not only on violation of their own rights of free expression, but also because of a judicial prediction or assumption that the subject policy's very

existence may cause others not before the court to refrain from constitutionally protected speech or expression. *Sec'y of Md. v. Joseph H. Munson Co.*, 467 U.S. 947, 956-57 (1984).

"At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice. . . ." *Lujan v. Defenders of Wildlife,* 504 U.S. at 560–61. The party invoking federal jurisdiction bears the burden of establishing these elements. *See FW/PBS, Inc. v. Dallas,* 493 U.S. 215, 231 (1990). Because standing is challenged based on the pleadings, a court must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party. *Warth v. Seldin,* 422 U.S. 490, 501 (1975). A court must also "presum[e] that general allegations embrace those specific facts that are necessary to support the claim." *Lujan v. National Wildlife Federation,* 497 U.S. 871, 889 (1990).

### A. Injury In Fact

For the purpose of determining standing, "actual injury" means "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not 'conjectural' or 'hypothetical.'" *Lujan v. Defenders of Wildlife*, 504 U.S. at 560. When the suit is one challenging the legality of government action, and the plaintiff alleges he is the object of the action, there is ordinarily little question that the challenged action caused him injury. *Id*. at 560–62; *see also Duarte ex rel. Duarte v. City of Lewisville*, 759 F.3d 514, 517-18 (5th Cir. 2014).

First, the Citizen Plaintiffs assert several injuries-in-fact, describing how the subject Policy restricts speech about important public issues because it is overbroad and viewpoint-based. The Citizen Plaintiffs also allege the policy infringes on their and other citizens' First Amendment right to receive information. Finally, the Citizen Plaintiffs challenge the legality of the City of Cibolo's action and allege they are the object of the action.

Based upon these allegations, the Citizen Plaintiffs assert the Policy causes them injury. *Lujan v. Defenders of Wildlife*, 504 U.S. at 560; *Duarte*, 759 F.3d at 517-18.

### B. Traceable, Causal Link

Next, construing the allegations as true, the Citizen Plaintiffs meet the "fairly traceable" element. The Citizen Plaintiffs allege the Policy includes subjective, viewpoint-based criteria that harm their and other citizens' freedom of speech. The Citizen Plaintiffs assert the City of Cibolo's regulations during the Citizens to be Heard forum limit the content and specificity of their speech. The Citizen Plaintiffs describe how the Policy's restriction on addressing councilmembers by name deprives them of their right to desired political speech and deprives the public of receiving important information of public concern.

From these allegations, the Citizen Plaintiffs sufficiently trace the City of Cibolo's challenged Policy to censorship and restriction of their desired speech.

### C. Favorable Judgment Likely to Redress Injury

Finally, the Citizen Plaintiffs show a favorable determination that the Policy unconstitutionally restricts their speech is likely to redress their asserted injuries. The Citizen Plaintiffs assert they are active in local civic life and regularly attend city council meetings. They want to speak about important public issues but are restricted by the unfettered enforcement of the subject Policy. Consequently, the requested declaratory and injunctive relief will likely redress these asserted injuries by eliminating the challenged restrictions the Citizen Plaintiffs allege deprive them of their First Amendment right to speak and learn about public matters.

Based upon these allegations, the Court concludes the Citizen Plaintiffs satisfy their burden to show they have standing to assert these two causes of action against the City of Cibolo.

**2.      Motion to Dismiss Pursuant to Federal Rule 12(b)(6)**

**Legal Standard**

To provide opposing parties fair notice of what the asserted claim is and the grounds upon which it rests, every pleading must contain a short and plain statement of the claim showing the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Conley v. Gibson*, 355 U.S. 41, 47 (1957). To survive a Motion to Dismiss filed pursuant to Federal Rule 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted claims. *Twombly*, 550 U.S. at 563 n.8. Thus, to qualify for dismissal under Rule 12(b)(6), a complaint must, on its face, show a bar to relief. Fed.R.Civ.P. 12(b)(6); *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.,* 9 F.Supp.2d 734, 737–38 (S.D.Tex. 1998).

A court addressing a motion under Federal Rule 12(b)(6) "must limit itself to the contents of the pleadings, including attachments thereto." *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). Furthermore, when ruling on a motion to dismiss, courts "construe the complaint in the light most favorable to the plaintiff and draw all reasonable inferences in the plaintiff's favor." *Severance v. Patterson*, 566 F.3d 490, 501 (5th Cir. 2009).

## Analysis

**1. First Cause of Action: The Policy is Facially Unconstitutional**

As stated, in their first cause of action, the Citizen Plaintiffs allege the City of Cibolo's policy pertaining to citizens' speech during the Citizens to be Heard forum is a facially unconstitutional restriction on their First Amendment right to free speech.

In its Motion to Dismiss this cause of action, the City of Cibolo iterates argument and legal authority supporting its position that the challenged policy is constitutional. The City of Cibolo concludes "the Citizens to be Heard Rules impose reasonable, viewpoint neutral restrictions on speech to preserve the civility and decorum necessary to further the purpose of the City Council meeting." Based upon these arguments pertaining to the merit of the Citizen Plaintiffs' cause of action, the City of Cibolo concludes the cause of action asserted against it should be dismissed.

The City of Cibolo provides no reasons or arguments why the Citizen Plaintiffs' cause of action should be dismissed for failure to state a claim pursuant to Federal Rule 12(b)(6). Instead, it argues why its' defensive position is meritorious. The City of Cibolo's argument and supporting authority demonstrate the Citizen Plaintiffs sufficiently provided fair notice of what their claims are and the grounds upon which the claims rest. *See* Fed.R.Civ.P. 8(a)(2); *Twombly*, 550 U.S at 555. The focus at this stage is not on whether the Citizen Plaintiffs will ultimately prevail, but whether they should be permitted to present evidence to support adequately asserted claims. *See Twombly*, 550 U.S. at 563 n.8.

Based upon the City of Cibolo's arguments, the Complaint satisfies these pleading requirements, making dismissal under Federal Rule 12(b)(6) improper. The City of Cibolo provides no basis to support dismissal of this cause of action pursuant to Federal Rule 12(b)(6).

Consequently, the City of Cibolo's motion to dismiss the Citizen Plaintiffs' first cause of action shall be denied.

### 2. Second Cause of Action: The Policy Violations Section 1983

The City of Cibolo contends the second cause of action asserted against it should be dismissed for failure to state a claim because the Citizen Plaintiffs fail to show it is the direct cause ("moving force") of their alleged constitutional deprivation of restricted free speech. While the Citizen Plaintiffs allege their speech was chilled by restrictions being placed on Citizens to be Heard, the City of Cibolo asserts those restrictions are reasonable under the First Amendment. The City of Cibolo argues it is not enough for the Citizen Plaintiffs merely to identify conduct properly attributable to it, but must also demonstrate that through its deliberate conduct, the City of Cibolo was the moving force behind the alleged deprivation of free speech. Because the Citizen Plaintiffs fail to show any constitutional deprivation caused by the Policy was taken with the requisite degree of culpability, they fail to demonstrate a direct causal link between the City of Cibolo's action and the deprivation of federal rights. Thereby, the Citizen Plaintiffs fail to state a claim upon which relief can be granted.

"Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). Municipalities are not liable for the unconstitutional actions of their employees under respondeat superior. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, "[t]o establish municipal liability under § 1983, a plaintiff must show (1) an official policy or custom; (2) promulgated by the municipal policymaker with actual or constructive knowledge; and (3) the policy or custom was the moving force behind the violation of a constitutional right. *Robinson v. Hunt Cty.*, 921 F.3d 440, 447 (5th Cir.

2019); *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 847 (5th Cir. 2009). At the pleadings stage, a plaintiff only needs to "allege facts that show an official policy, promulgated or ratified by the policymaker, under which the municipality is said to be liable." *Groden v. City of Dallas*, 826 F.3d 280, 283-84 (5th Cir. 2016); see also *Colle v. Brazos County*, 981 F.2d 237, 245 (5th Cir. 1993).

Construing the City of Cibolo's argument liberally, it appears to focus on the second element, only: whether the City of Cibolo promulgated the Policy with actual or constructive knowledge. That is, whether, through its deliberate conduct, the City of Cibolo was a direct cause of any constitutional deprivation. The City of Cibolo does not challenge the first or third elements whether the Citizen Plaintiffs' sufficiently allege an official policy was the moving force behind a constitutional violation. Next, the City of Cibolo frames its argument as if the Citizen Plaintiffs failed "to show", or prove, the second element; however, at this stage of the litigation, the Citizen Plaintiffs only must allege an official policy, promulgated or ratified by the City of Cibolo, caused a constitutional violation. *See Groden*, 826 F.3d at 283. The Citizen Plaintiffs need not prove, or "show", such facts at this stage.

With regard to the second element, for § 1983 liability, a policy "may be officially promulgated by the governing body, by an official to which policy-making authority has been properly delegated, or by officials or employees of the municipality through a persistent, widespread practice that is so common and well settled as to constitute a custom that fairly represents municipal policy." *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984). A municipality is subject to liability only if the alleged constitutional violations are "directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions

by municipal employees will almost never trigger liability." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

The Citizen Plaintiffs state the City of Cibolo "developed, ratified, enforced, and continues to enforce an official city policy or custom that constitutes impermissible state action intended to censor, chill, and interfere with the First Amendment activity of citizens who insistently criticize the City government and its elected officials and to retaliate against those citizens for that criticism." The Citizen Plaintiffs quote the subject Policy, state how the Policy is used by individual council members as a vehicle of "viewpoint discrimination." The Citizen Plaintiffs allege the Policy, passed by the City Council, exemplifies the City of Cibolo's unconstitutional policy of targeting citizens who express unfavorable viewpoints. The Citizen Plaintiffs allege facts demonstrating how the Policy infringed upon their free speech. The Citizen Plaintiffs allege the Policy pertains only and specifically to restriction of citizens' speech during the Citizens to be Heard public forum within City Council meetings.

Based upon these allegations, the Citizen Plaintiffs allege enough facts to support a cause of action for violation of § 1983, that is, they allege an official policy promulgated and ratified by the City of Cibolo infringed upon a constitutional right. These allegations are sufficient to state a claim of municipal liability under § 1983. *See Piotrowski*, 237 F.3d at 578; *see also Groden*, 826 F.3d at 286–87.

## Conclusion

For the reasons stated, the City of Cibolo's Motion to Dismiss the causes of action asserted against it for failure to state a claim upon which relief may be granted is DENIED.

It is so ORDERED.
SIGNED this 22nd day of September, 2020.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE